Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

ROGELIO VILLA CLEMENTE, OSVALDO VILLA
CLEMENTE, JORGE RAYMUNDO RIVERA, JOSE
ALBERTO ASTUDILLO, and ISAUL VILLA MEDEL,
individually and on behalf of all others similarly situated,

                                                  Plaintiffs,

        -against-

MIDTOWN EAST NY LLC d/b/a BAREBURGER, and
MICHAEL PITSINOS and GEORGE HADJIPANAYI, as
individuals,

                                           Defendants.

----------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiffs, **ROGELIO VILLA CLEMENTE, OSVALDO VILLA CLEMENTE, JORGE RAYMUNDO RIVERA, JOSE ALBERTO ASTUDILLO, and ISAUL VILLA MEDEL, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ROGELIO VILLA CLEMENTE, OSVALDO VILLA CLEMENTE, JORGE RAYMUNDO RIVERA, JOSE ALBERTO ASTUDILLO, and ISAUL VILLA MEDEL, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **MIDTOWN EAST NY LLC d/b/a BAREBURGER, and MICHAEL PITSINOS and GEORGE HADJIPANAYI, as**

**individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ROGELIO VILLA CLEMENTE residing at 2690 University Avenue, Bronx, New York 10468, was employed from in or around July 2016 until in or around July 2017 by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

9. Plaintiff OSVALDO VILLA CLEMENTE residing at 32-18 99th Street, East Elmhurst, New York 11369, has been employed from in or around July 2017 until the present by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

10. Plaintiff JORGE RAYMUNDO RIVERA residing at 54-22 Beach Channel Drive, Arverne, New York 11692, was employed from in or around October 2016 until in or

around April 2018 by Defendants at MIDTOWN EAST NY LLC d/b/a
BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

11. Plaintiff JOSE ALBERTO ASTUDILLO residing at 98-12 38th Avenue, Corona, New
York 11368, was employed from in or around July 2017 until in or around July 2018
by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251
East 52nd Street, New York, New York 10022.

12. Plaintiff ISAUL VILLA MEDEL residing at 1113 Ward Avenue, Bronx, New York
10472, was employed from in or around June 2016 until in or around June 2017 by
Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East
52nd Street, New York, New York 10022.

13. Upon information and belief, Defendant MIDTOWN EAST NY LLC d/b/a
BAREBURGER is a corporation organized under the laws of New York with a
principal executive office at 251 East 52nd Street, New York, New York 10022.

14. Upon information and belief, Defendant MIDTOWN EAST NY LLC d/b/a
BAREBURGER is a corporation authorized to do business under the laws of New
York.

15. Upon information and belief, Defendant MICHAEL PITSINOS owns and/or operates
MIDTOWN EAST NY LLC D/B/A BAREBURGER.

16. Upon information and belief, Defendant MICHAEL PITSINOS is the Chief Executive
Officer of MIDTOWN EAST NY LLC D/B/A BAREBURGER.

17. Upon information and belief, Defendant MICHAEL PITSINOS is an agent of
MIDTOWN EAST NY LLC D/B/A BAREBURGER.

18. Upon information and belief, Defendant MICHAEL PITSINOS has power over
personnel decisions at MIDTOWN EAST NY LLC D/B/A BAREBURGER.

19. Upon information and belief, Defendant MICHAEL PITSINOS has power over
payroll decisions at MIDTOWN EAST NY LLC D/B/A BAREBURGER.

20. Upon information and belief, Defendant MICHAEL PITSINOS has the power to hire
and fire employees at MIDTOWN EAST NY LLC D/B/A BAREBURGER, establish
and pay their wages, set their work schedule, and maintains their employment
records.

21. During all relevant times herein, Defendant MICHAEL PITSINOS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. Upon information and belief, Defendant GEORGE HADJIPANAYI owns and/or operates MIDTOWN EAST NY LLC D/B/A BAREBURGER.

23. Upon information and belief, Defendant GEORGE HADJIPANAYI is the Chief Executive Officer of MIDTOWN EAST NY LLC D/B/A BAREBURGER.

24. Upon information and belief, Defendant GEORGE HADJIPANAYI is an agent of MIDTOWN EAST NY LLC D/B/A BAREBURGER.

25. Upon information and belief, Defendant GEORGE HADJIPANAYI has power over personnel decisions at MIDTOWN EAST NY LLC D/B/A BAREBURGER.

26. Upon information and belief, Defendant GEORGE HADJIPANAYI has power over payroll decisions at MIDTOWN EAST NY LLC D/B/A BAREBURGER.

27. Upon information and belief, Defendant GEORGE HADJIPANAYI has the power to hire and fire employees at MIDTOWN EAST NY LLC D/B/A BAREBURGER, establish and pay their wages, set their work schedule, and maintains their employment records.

28. During all relevant times herein, Defendant GEORGE HADJIPANAYI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

29. On information and belief, MIDTOWN EAST NY LLC d/b/a BAREBURGER is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

30. Plaintiff ROGELIO VILLA CLEMENTE was employed from in or around July 2016 until in or around July 2017 by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

31. During Plaintiff ROGELIO VILLA CLEMENTE'S employment by Defendants Plaintiff's primary duties were as a food preparer, griller, cook, and kitchen worker, and performing other miscellaneous duties from in or around July 2016 until in or around July 2017.

32. Plaintiff ROGELIO VILLA CLEMENTE was paid by Defendants approximately $800.00 per week from in or around July 2016 until in or around July 2017.

33. Plaintiff worked approximately seventy (70) hours or more per week during his employment by Defendants from in or around July 2016 until in or around July 2017.

34. Although Plaintiff ROGELIO VILLA CLEMENTE worked approximately seventy (70) hours or more per week during his employment by Defendants from in or around July 2016 until in or around July 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Furthermore, although Plaintiff ROGELIO VILLA CLEMENTE worked approximately fourteen (14) or more hours per day, five (5) days a week from in or around July 2016 until in or around July 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

36. Plaintiff OSVALDO VILLA CLEMENTE has been employed from in or around July 2017 until the present by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

37. During Plaintiff OSVALDO VILLA CLEMENTE'S employment by Defendants, Plaintiff's primary duties have been as a food preparer, griller, cook, and kitchen worker, and performing other miscellaneous duties from in or around July 2017 until the present.

38. Plaintiff OSVALDO VILLA CLEMENTE has been paid by Defendants approximately $1,000.00 per week from in or around July 2017 until the present.

39. Plaintiff OSVALDO VILLA CLEMENTE worked approximately eighty (80) hours or more per week during his employment by Defendants from in or around July 2017 until the present.

40. Although Plaintiff OSVALDO VILLA CLEMENTE has worked approximately eighty (80) hours or more per week during his employment by Defendants from in or around July 2017 until the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, although Plaintiff OSVALDO VILLA CLEMENTE has worked approximately thirteen to fourteen (13 to 14) or more hours per day, six (6) days a week from in or around July 2017 until the present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

42. Plaintiff JORGE RAYMUNDO RIVERA was employed from in or around October 2016 until in or around April 2018 by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

43. During Plaintiff JORGE RAYMUNDO RIVERA'S employment by Defendants Plaintiff's primary duties were as a food preparer, dishwasher, cleaner, and kitchen worker, and performing other miscellaneous duties from in or around October 2016 until in or around April 2018.

44. Plaintiff JORGE RAYMUNDO RIVERA was paid by Defendants approximately $450.00 per week from in or around October 2016 until in or around April 2018.

45. Plaintiff worked approximately fifty (50) hours or more per week during his employment by Defendants from in or around October 2016 until in or around April 2018.

46. Although Plaintiff JORGE RAYMUNDO RIVERA worked approximately fifty (50) hours or more per week during his employment by Defendants from in or around October 2016 until in or around April 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Plaintiff JOSE ALBERTO ASTUDILLO was employed from in or around July 2017 until in or around July 2018 by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

48. During Plaintiff JOSE ALBERTO ASTUDILLO'S employment by Defendants Plaintiff's primary duties were as a food preparer and cook, and performing other miscellaneous duties from in or around July 2017 until in or around July 2018.

49. Plaintiff JOSE ALBERTO ASTUDILLO was paid by Defendants approximately $13.00 per hour from in or around July 2017 until in or around July 2018.

50. Plaintiff worked on average seventy-two (72) hours or more per week during his employment by Defendants from in or around July 2017 until in or around July 2018.

51. Although Plaintiff JOSE ALBERTO ASTUDILLO worked on average seventy-two (72) hours or more per week during his employment by Defendants from in or around July 2017 until in or around July 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

52. Furthermore, although Plaintiff JOSE ALBERTO ASTUDILLO worked approximately twelve (12) or more hours per day, six (6) days a week from in or around July 2017 until in or around July 2018, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

53. Plaintiff ISAUL VILLA MEDEL was employed from in or around June 2016 until in or around June 2017 by Defendants at MIDTOWN EAST NY LLC d/b/a BAREBURGER, located at 251 East 52nd Street, New York, New York 10022.

54. During Plaintiff ISAUL VILLA MEDEL'S employment by Defendants Plaintiff's primary duties were as a food preparer, griller, cook, and kitchen worker, and performing other miscellaneous duties from in or around June 2016 until in or around June 2017.

55. Plaintiff ISAUL VILLA MEDEL was paid by Defendants approximately $540.00 per week from in or around June 2016 until in or around December 2016, and approximately $680.00 per week from in or around January 2017 until in or around June 2017.

56. Plaintiff worked approximately sixty-five (65) hours or more per week during his employment by Defendants from in or around June 2016 until in or around June 2017.

57. Although Plaintiff ISAUL VILLA MEDEL worked approximately sixty-five (65) hours or more per week during his employment by Defendants from in or around June 2016 until in or around June 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

58. Furthermore, although Plaintiff ISAUL VILLA MEDEL worked approximately thirteen (13) or more hours per day, five (5) days a week from in or around June 2016 until in or around June 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

59. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

60. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

61. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

63. Collective Class: All persons who are or have been employed by the Defendants as dishwashers, food preparers, grillers, cooks, cleaners, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

64. Upon information and belief, Defendants employed between 20 and 40 employees within the past three years subjected to similar payment structures.

65. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

66. Defendants' unlawful conduct has been widespread, repeated, and consistent.

67. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

68. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

69. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

70. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

71. The claims of Plaintiffs are typical of the claims of the putative class.

72. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

73. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

76. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

77. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

78. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

79. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

80. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

83. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

84. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

87. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

11

93. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid spread of hours compensation;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 25th day of March 2019.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGELIO VILLA CLEMENTE, OSVALDO VILLA CLEMENTE, JORGE RAYMUNDO
RIVERA, JOSE ALBERTO ASTUDILLO, and ISAUL VILLA MEDEL, individually and on
behalf of all others similarly situated,

Plaintiffs,

-against-

MIDTOWN EAST NY LLC d/b/a BAREBURGER, and MICHAEL PITSINOS and GEORGE
HADJIPANAYI, as individuals,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**MIDTOWN EAST NY LLC D/B/A BAREBURGER**
**251 EAST 52ND STREET**
**NEW YORK, NEW YORK 10022**

**MICHAEL PITSINOS**
**251 EAST 52ND STREET**
**NEW YORK, NEW YORK 10022**

**GEORGE HADJIPANAYI**
**251 EAST 52ND STREET**
**NEW YORK, NEW YORK 10022**