UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROGELIO VILLA CLEMENTE, et al.,

        Plaintiffs,

  -against-

MIDTOWN EAST NY LLC, et al.,

        Defendants.

19-CV-2647 (BCM)

**TRIAL SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the June 18, 2020 trial scheduling conference, it hereby ORDERED:

1. <u>Limine Motion Granted</u>. Plaintiffs' unopposed motion *in limine* (Dkt. No. 91) to preclude defendants from "eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or otherwise involves: (1) Plaintiffs' immigration status or (2) Plaintiffs' payment or non-payment of taxes at any point during their employment for Defendants or otherwise," is GRANTED.

2. <u>Discovery Motion Denied</u>. Defendants' request to reopen discovery, made in the parties' joint status letter dated June 3, 2020 (Dkt. No. 93), is DENIED.

3. <u>Additional Limine Motions</u>. Any additional motions *in limine*, by any party, shall be filed no later than **June 26, 2020,** and may be made by letter-motion. Opposition letters shall be filed no later than **July 6, 2020**. Reply letters, if any, shall be filed no later than **July 10, 2020**.

4. <u>Dismissal of Stayed Claims</u>. The parties shall file their stipulation of dismissal (without prejudice) as to the claims asserted by plaintiff Osvaldo Villa Clemente, which are currently stayed in favor of arbitration (*see* Dkt. No. 60), no later than **June 26, 2020**.

5. <u>Joint Pretrial Order</u>. No later than **August 24, 2020**, the parties shall file their proposed Joint Pretrial Order (JPTO), *in accordance with Moses Indiv. Prac. § 4(b)*, and shall

email a courtesy copy, in Word format, to Moses_NYSDChambers@nysd.uscourts.gov. The parties are reminded that preparation of the JPTO requires close cooperation between counsel, who must exchange information and drafts well in advance of the due date in order to complete their work by that date. The parties are encouraged to stipulate to the relevant facts to the extent possible, including but not limited to the authenticity and/or admissibility of proposed exhibits. It is the plaintiffs' responsibility to coordinate with defendants' counsel, to file the JPTO on ECF, and to advise the Court promptly of any difficulties encountered in the preparation process.

6. <u>Remote Trial Protocol</u>. In addition to the information required by Moses Indiv. Prac. § 4(b)(i-x), the proposed JPTO shall include a proposed protocol for presenting some or all of the testimony and argument at trial via remote means, including (i) which attorneys will be present in the courtroom (public health conditions permitting) and which will appear remotely; (ii) which witnesses will testify in the courtroom (public health conditions permitting) and which will testify remotely; (iii) how exhibits will be provided to witnesses and offered into evidence if some or all of the relevant personnel are not physically in the courtroom; and (iv) to the extent all or part of the trial is conducted remotely, whether the parties wish to rely on the Court's teleconferencing facilities (Skype for Business, which can be accessed over the internet by counsel and witnesses without a license) or wish to make other arrangements at their own expense. It is the Court's hope and intention (public health conditions permitting) to be physically in the courtroom for trial. The parties shall meet and confer regarding these issues prior to filing the proposed JPTO. The parties are reminded that any teleconferencing arrangements used at trial must accommodate the needs of the court reporter and any interpreter(s) required by the witnesses. It is the parties' responsibility to engage the interpreter(s).

7. <u>Pretrial Memoranda</u>. If the parties believe it would be useful, they may file pretrial memoranda, limited to 25 pages, together with the JPTO. *See* Moses Indiv. Prac. § 4(c)(ii).

8. <u>Direct Testimony by Affidavit</u>. No later than **September 8, 2020**, the parties shall submit to the Court by email and serve on opposing counsel (but not file on ECF) signed affidavits or declarations constituting the direct testimony of each trial witness to be called by that party, except for an adverse party, a person whose attendance must be compelled by subpoena, or a person from whom the Court has agreed to hear direct testimony live at the trial. The original signed affidavits shall be marked as trial exhibits. No later than **September 10, 2020**, at the final pretrial conference (see below) each party shall advise opposing counsel of the identity of the witnesses it intends to cross-examine at the trial. If no party intends to cross-examine a witness at trial, that witness need not appear.

9. <u>Final Pretrial Conference</u>. The parties shall appear for a final pretrial conference on **September 10, 2020 at 10:00 a.m.** The Court will advise the parties at a later date whether the final pretrial conference will be conducted in person or remotely. Each party's principal trial counsel must attend, must be prepared to discuss any remaining pretrial matters, and must be fully informed as to the availability of that party's witnesses during the week of **September 14, 2020**, including any potential scheduling difficulties.

10. <u>Trial Exhibits and Testimony Notebooks</u>. No later than **September 11, 2020**, the parties shall deliver to the Court **two copies** of a tabbed binder (or binders) containing courtesy copies of (a) the direct testimony affidavits; and (b) the parties' remaining anticipated trial exhibits, indexed and pre-marked.

11. <u>Trial</u>. Trial shall commence on **September 14, 2020, at 9:30 a.m**., in the Daniel Patrick Moynihan United States Courthouse. The precise location and means by which trial shall be conducted will be determined at the final pretrial conference.

Dated: New York, New York
       June 22, 2020

                         **SO ORDERED**.

                         */s/ Barbara Moses*

                         **BARBARA MOSES**
                         **United States Magistrate Judge**