UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGELIO VILLA CLEMENTE, et al.,

    Plaintiffs,

    -against-

MIDTOWN EAST NY LLC, et al.,

    Defendants.

19-CV-2647 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' proposed Joint Pretrial Order (JPTO) (Dkt. No. 100).

    1.    <u>In Person Trial</u>. The Trial Scheduling Order (Dkt. No. 96) directed the parties to include, in the JPTO, "a proposed protocol for presenting some or all of the testimony and argument at trial via remote means, including (i) which attorneys will be present in the courtroom (public health conditions permitting) and which will appear remotely; (ii) which witnesses will testify in the courtroom (public health conditions permitting) and which will testify remotely; (iii) how exhibits will be provided to witnesses and offered into evidence if some or all of the relevant personnel are not physically in the courtroom; and (iv) to the extent all or part of the trial is conducted remotely, whether the parties wish to rely on the Court's teleconferencing facilities (Skype for Business, which can be accessed over the internet by counsel and witnesses without a license) or wish to make other arrangements at their own expense." The JPTO is silent as to all of these issues. The Court therefore assumes that counsel, parties, and all witnesses will appear in person for trial at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Chambers will provide a courtroom assignment at the final pretrial conference, which will take place as previously scheduled on **September 10, 2020, at 10:00 a.m.** Counsel shall appear in person at that time in **Courtroom 20A**.

    a.    All members of the public, including attorneys, parties, and witnesses, must complete a questionnaire and have their temperature taken before being allowed entry into the courthouse. Instructions may be found on the Court's website at https://nysd.uscourts.gov/covid-19-coronavirus ("SDNY Screening Instructions"). Please allow extra time to complete the screening process.

    b.    Masks or face coverings must be worn at all times while in the courthouse, including in the courtroom.

    2.    <u>All Direct Testimony by Affidavit</u>. None of the individuals listed in the JPTO as a trial witness is an adverse party or is identified as a person whose testimony must be compelled by subpoena. Consequently, the Court expects to receive the direct testimony of each witness by affidavit or declaration on **September 8, 2020**, as previously scheduled. (Trial Sched. Order ¶ 8.)

    3.    <u>Problem Exhibits</u>.

    a.    Plaintiffs have listed the Complaint and the Answer as exhibits, as well as defendants' Response to Defendants' First Set of Document Demands. However, pleadings are not evidence and are not admissible as such. The same is true, ordinarily, of objections and responses to document requests. Documents a party anticipates using solely for impeachment need not be listed as exhibits.

    b.    Both plaintiffs and defendants have listed, as exhibits, various documents (or groups of documents) produced in discovery, without otherwise describing them, thus preventing the Court from understanding what they are or determining whether they are or may be admissible.

    c.    Defendants have listed as an exhibit the deposition transcript of Euripides Pelekanos, taken in an unrelated case. Euripides Pelekanos is also listed as a testifying witness in this action by plaintiffs.

       d.       Plaintiffs and defendants have both used letters to identify their exhibits, which does not comport with the requirements of Moses Indiv. Prac. § 4(b)(x) (requiring "plaintiff[s] to use numbers, defendant[s] to use letters" when identifying exhibits in the proposed JPTO).

4.       <u>No Stipulations of Fact or Law</u>. Section 4(b)(vii) of the Court's Individual Practices required the parties to include, in their JPTO, all stipulations or agreed statements of fact or law. Instead, the parties summarized the Court's orders in limine. There is not a single stipulation as to the facts underlying this action, or even as to the authenticity and/or admissibility of the proposed exhibits. Nor have the parties agreed on even the most basic legal principles applicable to this action, such as the elements of plaintiffs' claims and defendants' defenses.

5.       <u>Revised JPTO Required</u>. No later than **September 8, 2020** (the same day direct testimony affidavits are due), the parties shall file on ECF (and email a courtesy copy, in Word format, to Moses_NYSDChambers@nysd.uscourts.gov) a revised proposed JPTO correcting the errors identified above.

       a.       As to the exhibits, the revised proposed JPTO shall not include pleadings (or any other documents intended for use as impeachment only). It shall list and describe each proposed exhibit separately. Plaintiffs shall use numbers to identify their exhibits, and defendants shall use letters. *See* Moses Indiv. Prac. § 4(b)(x).

       b.       As to the Euripides Pelekanos transcript, the revised proposed JPTO shall specify the portions of the transcript that defendants believe to be admissible in this action (by page and line number). Unless plaintiffs stipulate to the admissibility of those portions, defendants shall attach them to the revised proposed JPTO and shall set forth the ground(s) on which they contend either that the witness's prior testimony

        is not hearsay (Fed. R. Evid. 801-02) or that it falls within an exception to the hearsay rule (Fed. R. Evid. 802).

c.     The parties are directed to meet and confer in good faith in an effort to include, in the revised proposed JPTO, stipulations as to the basic facts underlying this action (for example, the dates of each plaintiff's employment and the wages or other compensation paid to that plaintiff) and the authenticity and/or admissibility of the proposed exhibits.

d.     Additionally, the revised proposed JPTO shall include a statement by each party of the elements of each claim or defense asserted by that party, together with a summary of the facts that will be relied on by that party to establish each element. *See* Moses Indiv. Prac. § 4(c)(ii).

e.     Finally, the revised proposed JPTO shall identify the interpreter(s) that the parties have engaged and (if more than one) state which witnesses or other portions of the trial each interpreter is expected to cover.

Dated: New York, New York
       August 27, 2020

                                      **SO ORDERED**.

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**